# EXHIBIT H

## CONTRACT FOR REPAIR OF 510 W. CROSS

Agreement made this _22nd_ day of _MAY_, 2003, between the

CITY OF YPSILANTI, hereinafter "CITY", and ROBERT C. BARNES, hereinafter

"BARNES", for the repair and rehabilitation of the premises located at 510 W. Cross, Ypsilanti,

MI 48197.

WHEREAS the CITY is the Plaintiff in the lawsuit against Defendant, David Kircher,

concerning the CITY's Complaint to abate a nuisance to-wit: building and fire code violations;

and

WHEREAS the Court, in an Order dated April 8, 2003, (ORDER) ordered that the CITY

has the exclusive responsibility and right to make certain repairs; and

WHEREAS said ORDER provides that the CITY may contract to have repairs made to

the structure to bring it into code compliance; and

WHEREAS The CITY has previously contracted with Robert C. Barnes to bring the

structure into compliance under an order dated June 14, 2002; and

WHEREAS Robert C. Barnes is willing to undertake the tasks described in said ORDER

according to the terms contained in said ORDER.

NOW THEREFORE, it is agreed that:

1.      BARNES shall be considered the general contractor for the appointed tasks.  He

shall be paid on a time and materials basis for the project, plus a 25% mark-up as a fee for his

services.

2.      BARNES shall send monthly invoices to Defendant Kircher, which invoices shall

be paid within 30 (thirty) days of mailing.  Invoices which are not paid within 30 (thirty) days

shall be subject to interest at the rate of 7% per annum.

1

3.      Upon completion of the repairs, the CITY will be granted a lien on the subject property for all fees and costs which have not been paid by Defendant Kircher.  In the event Kircher fails or refuses to pay, Plaintiff and/or BARNES for said costs, then the CITY shall assign its lien rights to BARNES, so that BARNES may collect any unpaid costs from Kircher directly and/or enforce the lien.

4.      BARNES shall provide at his own cost and expense the following insurance to the CITY using insurance companies licensed and/or approved in the State of Michigan, which insurance shall be evidences by certificates and/or policies as determined by the CITY.  All policies and certificates of insurance shall be approved by the Department of the City Manager of the CITY prior to the start of any work.  BARNES shall maintain at its own expense the following insurance:  worker's compensation, general liability, automobile liability for both hired automobiles and non-owned automobiles, and any other insurance the CITY deems necessary.

5.      BARNES shall be responsible for complying with the CITY's living wage ordinance for all of BARNES' employees used in connection with this project.

6.      A.      A valid certificate to occupancy must be obtained from the building inspection department before any unit in the building may be occupied.

B.      All work is to be done n a workmanlike manner and in compliance with all applicable codes.

C.      All work must comply with all permit and inspection procedures.

7.      The scope of work for the contract is set forth below:

A.      The CITY, or its designated agent (in this instance BARNES) shall continue to effectuate any and all repairs necessary to obtain a Certificate of Occupancy.

2

B.    When the CITY and/or BARNES brings the building up to code then is issued a Certificate of Occupancy, the CITY and/or BARNES may make commercially reasonable arrangements to rent the premises and may apply the proceeds of such rental to the costs associated with bringing the structure into code compliance.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and date written above.

CITY OF YPSILANTI, a Michigan
home-rule City

BY: _____
Cheryl Farmer
Ypsilanti City Mayor

Robert A. Slone, Jr.
Ypsilanti City Clerk

*Deputy City Clerk for Robert A. Slone Jr. City Clerk*

BARNES & BARNES

BY: _____
Robert C. Barnes

Approved as to form and content

JOHN S. GILBREATH, JR.
Assistant Ypsilanti City Attorney

3

# EXHIBIT I

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

| | |
|---|---|
| JON ICHESCO, State Certified<br>Fire Marshall and Fire Marshall<br>for the City of Ypsilanti and<br>the CITY OF YPSILANTI<br><br>        Plaintiffs,<br><br>v<br><br>DAVID KIRCHER,<br><br>        Defendant. | FILE NO. 2001-560-CH<br><br>Hon. Donald E. Shelton<br><br>ORDER FOR PAYMENT, OR<br>AUTHORITY FOR CITY TO BRING<br>THE PROPERTY UP TO CODE AND<br>LET THE PREMISES FOR RENT |
| JOHN S. GILBREATH, JR. P-33945<br>Assistant Ypsilanti City Attorney<br>105 Pearl Street<br>Ypsilanti, MI 48197<br>(734) 481-1234 | Mr. David Kircher<br>In Pro Per<br>50 South Summit Street<br>Ypsilanti MI 48197<br>734 482-5589 |

Dated: April 2, 2003

**APR   8 2003**

PRESENT, THE HONORABLE
DONALD E. SHELTON, Trial Court Judge

This matter having come before the Court for hearing and the parties being

present, and the court being advised in the matter, now therefore:

**IT IS ORDERED as follows:**

1.      Defendant, David Kircher, is to pay $54,346.74 within 30 days of the

date of this order, to the City of Ypsilanti, One South Huron Street, Ypsilanti,

Michigan.

2.      Until the $54,346.74 is paid to the City, Defendant, David Kircher, is

prohibited from being upon the premises without the City Building Inspector and a

representative of Plaintiff's agent, Robert C. Barnes, being present also.

Barr,
Anhut &
Gilbreath, P.C.
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734) 481-1234
Fax 483-3871
www.barranhut.com
mail: barranhut@voyager.net

3.      In the event the $54,345.74 is paid by Defendant Kircher within the required 30 days, the City's right to make repairs as delineated in the Court's June 14, 2002, order is terminated and possession of the property is returned to Defendant Kircher. Defendant must obtain a valid certificate of occupancy from the building department before any unit may be occupied.

4.      If the $54,345.74 is not paid within the required 30 days, then the City, or its designated agent,  shall continue to effectuate the repairs necessary to obtain a certificate of occupancy.

5.      If the $54,345.74 is not paid within the required 30 days, and the City, or its designated agent, brings the building up to code and is issued a Certificate of Occupancy, the City may make commercially reasonable arrangements to rent the premises, and may apply the proceeds of such rental to the costs associated with bringing the structure into code compliance.

Donald E. Shelton, Trial Court Judge

Dated: April _8_, 2003

APPROVED AS TO FORM AND CONTENT; notice of entry is waived:

JOHN S. GILBREATH, JR. P-33945
Assistant Ypsilanti City Attorney

David Kircher, In Pro Per

**Barr, Anhut & Gilbreath, P.C.**
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734) 481-1234
Fax 483-3871
www.barranhut.com
mail: barranhut@voyager.net

# EXHIBIT   J

# CITY OF YPSILANTI, MICHIGAN

One South Huron Street
Ypsilanti, Michigan 48197
Phone: 734-483-9646   Fax: 734-483-7260

## SPECIAL USE PERMIT APPLICATION

Non-Refundable Filing Fee $300.00

Date _3-17-04_

## APPLICANT(S) INFORMATION

I (We) _____Robert Barnes_____
                Name(s)

hereby file an Application with the Planning and Development Department, to establish a Special

Use.  Under Ypsilanti Code of Ordinances Chapter 122, Article _787_ Section_____

(Sub)_____.

1. Applicant's Address: ___520 W. Cross St_____
   ___Ypsilanti, MI   48197_____
   Phone: _734- 480- 7400___   Fax: _734- 480- 9400___

2. Property Address: _510 V. Cross St, Ypsilanti, MI   48197_

3. Is the applicant the Property Owner?

   Yes____,   Please provide proof of ownership.

   No____,   If not, the applicant must supply a written, notarized statement from the property

   owner(s) agreeing to and authorizing the Special Use as described in this application.

4. Legal description of property, i.e. lot, block, etc. (may be attached).

   _Recrits QCD L1846 P208 YP City 13W-73 com at intersection of N_
   _LNCross St. with V Ln of Ballard St. Th W 100.00 Ft to POB Th N 8 Rds,_
   _Th W 50.00 Ft, th S 8 Rds, th E 50.00 Ft to POB. Reserving the N 600 Ft_
   _for the Purpose of an alley. Being PT of Lot 10 Morse. and Ballentine's_
   _allotment of the western add. to the city of Ypsi._

Present zoning classification of the subject property and all adjacent properties:

Subject: __B3__   North __R4__   South __B3__   East __B3__

West __B3__

7. Description of the proposed use of the property: __rental property to__
__fraternity or sorority.__

_____

_____

_____

8. Statement providing supporting evidence of circumstances, factors, and reasons relevant to the proposed permit request (may be attached):

__Located in the student overlay district and adjacent__
__to other student rentals. There has been a demand__
__for conforming fraternity and sorority housing__

_____

9. For Site Plan Requirements – Site Plan contents – please see Section 122-125 of the Chapter 122, Zoning.

**10. I give my permission to the Planning and Development staff to be on my property for the purpose of preparing staff reports.**

Date: __3-17-04__

_____
Signature of Applicant

Date: _____

_____
Signature of Applicant

Receipt #_____



## City of Ypsilanti

Planning & Development Department

May 25, 2004

Robert Barnes
520 W. Cross
Ypsilanti, MI 48197

RE:  Planning Commission Approval of Special Use and Site Plan for Fraternity/Sorority-510 W. Cross

Dear Mr. Barnes,

The Planning Commission approved your Special Use application to locate a Fraternity or Sorority at 510 W. Cross during the May 19th, 2004 meeting.  There were six (6) findings made in support of the approval.  In addition, the Planning Commission approved the Site Plan with the following conditions:

1.  *Provide brief project description on site plan sheet.*
2.  *Variances required for 16 ft. parking stall depth and 8 ft. width.*
3.  *Proposed gravel surface for 8 car parking lot requires Planning Commission approval for surface material.*
4.  *Planning Commission waiver granted to use ornamental parking lot trees, rather than standard trees.*
5.  *Planning Commission waiver granted to allow ornamental greenbelt trees instead of standard trees due to the small size of front yard and considerable foundation landscaping proposed.*
6.  *Provide an overall site landscaping calculation.*
7.  *Planning Commission waiver granted of underground irrigation requirements due to small size of site and availability of hose bibs.*
8.  *Sign permit required for proposed fraternity/sorority sign from the Building Department.*
9.  *Applicant should indicate what exterior improvements are proposed.*
10. *Provide information on type of fixture and bulb on rear of building.*
11. *Species of ornamental trees near parking lot should be carefully selected to include a branch structure that will not interfere with parked cars, and intrude in walkways.*

The Site Plan should be revised to address the above items for administrative review by staff.  Also, application for variance must be submitted by June 9th, 4:00 p.m. for the July 14th agenda.  As the variance involves parking dimensions only, work may proceed on the structure and landscaping at this time.  Please contact me with questions.

Sincerely,

Nathan J. Voght, AICP
Planner II

CC:    -File
       Megan Gibb, Planning and Development Director
       Charles Boulard, Building Official
       Leigh Thurston (via fax 483-2808)

# EXHIBIT K

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ROBERT C. BARNES,

        Plaintiff                  File: 03-1264 CH

v                                    Hon. Donald E. Shelton

DAVID KIRCHER

        Defendant

                                                  /

Ellis B. Freatman P34278      George E. Ward P21970
Roberts and Freatman           Attorney for Defendant Kircher
Attorneys for Plaintiff       1100 Buhl Building
125 N. Huron Street           Detroit, MI 48226
Ypsilanti, MI 48197          (313) 962-0643
(734) 483-4166

                                                    /

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION
## AND
## DENYING DEFENDANT'S COUNTER-MOTION FOR SUMMARY DISPOSITION

          At a session of said Court held in the City
          of Ann Arbor on the   6ᵗʰ   day of May, 2004.

          PRESENT: HON. DONALD E. SHELTON
                   Circuit Court Judge

    This matter having come before this Court upon Plaintiff's

Motion for Summary Disposition, the Court having reviewed the

Motion, the Answer and Counter-Motion filed by Defendant, the

Reply filed by Plaintiff and the Briefs filed by the parties;

and after hearing argument having rendered its decision upon the

grounds as stated in Plaintiff's Motion and Brief,

IT IS ORDERED that Plaintiff's Motion for Summary Disposition is granted pursuant to MCR 2.116(C)(9) and (7) as Defendant's Answer and Affirmative Defenses fail to state a valid defense.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Disposition is granted pursuant to MCR 2.116(C)(8) and (7) as Defendant's Counterclaim fails to state a claim on which relief can be granted. Defendant's Counterclaim is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Disposition is granted pursuant to MCR 2.116(C)(10) as there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law for the relief demanded in his Complaint.

IT IS FURTHER ORDERED that there are no issues to be tried by a jury and that the amount of indebtedness owed by Defendant is to be determined by the Court.

IT IS FURTHER ORDERED that Defendant's Counter-Motion for Summary Disposition is denied.

Donald E. Shelton
Circuit Judge

**ERTS AND FREATMAN**
RNEYS AND COUNSELORS
NORTH HURON ST.
SILANTI, MICH. 48197

(734) 483-4186

Prepared by:-

Ellis B. Frietmar
Attorney for Plaintiff

2

Exhibit L

EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

JON ICHESCO, State Certified
Fire Marshall and Fire Marshall
for the City of Ypsilanti and
the CITY OF YPSILANTI

FILE NO.  2002-434-CZ

Hon. Donald E. Shelton

Plaintiff,

v

ORDER APPOINTING RECEIVER,
GRANTING LIEN, AND OTHER
RELIEF

DAVID KIRCHER, an individual,

Defendants.

| JOHN S. GILBREATH, JR. P-33945<br>Assistant Ypsilanti City Attorney<br>(AF1001)<br>Attorney for Plaintiff<br>105 Pearl Street<br>Ypsilanti, MI  48197<br>(734) 481-1234 | MR. DAVID KIRCHER<br>In Pro Per<br>50 South Summit Street<br>Ypsilanti  MI 48197<br>(734) 482-5589 |
|---|---|



**BARR**
**ANHUT**
**ASSOC.**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
psilanti, MI 48197-2611
(734)481-1234
Fax 483-3871

210 E. Huron
n Arbor, MI 48104-1912
(734)769-0100

Dated: ___June  14___, 2002

PRESENT:  THE HONORABLE
DONALD E. SHELTON, Trial Court Judge

This matter having come before the court for a show cause hearing, testimony having been taken from the parties, and the Court having heard the arguments of counsel and being otherwise fully informed in the premises, now therefore;

IT IS HEREBY ORDERED that Robert C. Barnes is appointed receiver for the property located at 400-412 N. River Street, Ypsilanti, Michigan 48198, for the purpose of bringing the building into compliance with the City of Ypsilanti building and fire ordinances, and the Historic District Ordinance.

IT IS FURTHER ORDERED that the Receiver needs to make the building economically viable and functional.

IT IS FURTHER ORDERED that Defendant David J. Kircher shall not impede, obstruct, or otherwise interfere with the work of the receiver as he performs his duties pursuant to this order.

IT IS FURTHER ORDERED that the Defendant David J. Kircher will have 14 days from the date of this order to remove all personal effects from the property and thereafter he will not be allowed in the property.

IT IS FURTHER ORDERED that the Receiver may employ or contract with such individuals, firms, companies, contractors or other entities as shall be reasonably necessary and appropriate to accomplish the appointed task.

IT IS FURTHER ORDERED that the Receiver shall be considered the General Contractor for the appointed tasks. He shall be paid on a "time and materials" basis for the project plus a twenty-five (25%) percent mark up as a fee for his services. By way of example, but not limitation, if a subcontractor charged $1,000 to replace a door the Receiver would be entitled to a $250 fee.

IT IS FURTHER ORDERED that the Receiver shall maintain detailed records of the costs for time and materials expended in furtherance of his appointed tasks.

IT IS FURTHER ORDERED That the Receiver shall send monthly invoices to Defendant Kircher which invoices shall be paid within thirty (30) days of mailing. Invoices which are not paid within thirty (30) days shall be subject to interest at the rate of seven percent (7%) per annum.



**BARR ANHUT & ASSOC.**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734)481-1234
Fax 483-3871

210 E. Huron
Ann Arbor, MI 48104-1913
(734)769-0100

IT IS FURTHER ORDERED That, upon completion of the repairs, Receiver is hereby granted a lien on the subject property for all fees and cost invoices which have not been paid by Defendant Kircher. Costs and fees shall include all the labor, materials, permit and inspection costs, administrative costs, and attorneys fees necessary and appropriate to accomplish the appointed task.

IT IS FURTHER ORDERED That, in the event Defendant Kircher fails or refuses to pay the Receiver in full within thirty (30) days of mailing the final invoice, then the Receiver shall be entitled to legal or equitable relief, including but not limited to, foreclosure of the Receiver's lien. Foreclosure of the Receiver's lien shall be governed by the Michigan Statutes and Court Rules governing judicial foreclosures. The Receiver shall be entitled to the actual costs and attorney's fees incurred in the collection of the Receiver's fees as described herein. The Defendant is obligated to

2

pay the Receiver's costs and attorneys fees incurred in conjunction with the enforcement and supervision of this order.

IT IS FURTHER ORDERED the Defendant is obligated to pay the City of Ypsilanti costs and attorneys fees incurred in conjunction of the enforcement and supervision of this order.

IT IS FURTHER ORDERED that the general scope of the work shall be determined by the Ypsilanti Building Department and Ypsilanti Fire Marshal, and the Ypsilanti Historic District Commission.

IT IS FURTHER ORDERED that the Receiver is to have possession and control of the premises, including the authority to evict all tenants.

IT IS FURTHER ORDERED that the Defendant shall continue to pay all premiums and maintain all liability and hazard insurance, and shall pay all property taxes and water bills when due on the property. In the event that Defendant does not provide evidence of liability and hazard insurance coverage, paid real estate taxes, and paid water bills, for the property within 14 days from the date of this order, the Receiver has the obligation and right to obtain and maintain such insurance, and to keep all real estate taxes and water bills paid timely, charging all premiums and taxes and water bills so paid to Defendant.

IT IS FURTHER ORDERED that the Receiver, prior to commencing work, shall provide at his own cost and expense, the following insurance to the City, using insurance companies licensed and/or approved in the state of Michigan, which insurance shall be evidenced by certificates and/or policies as determined by the City. All policies and certificates of insurance shall be approved by the City Manager of the City prior to the start of any work. The Contractor shall maintain at its own expense the following insurance: worker's compensation; general liability; automobile liability insurance for both hired automobiles and non-owned automobiles; and any other insurance that the City deems necessary.

BARR
ANHUT
&ASSOC.
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734)481-1234
Fax 483-3871

Dated: ___June  14__, 2002          /S/
                                    _____
                                    DONALD E. SHELTON, Circuit Judge

210 E. Huron
Ann Arbor, MI 48104-1919
(734)769-0100

F:\Docs\CITY\c\Kircher 400NRiv\Order receiver.doc

APPROVED as to form and content;
notice of entry is waived:

JOHN S. GILBREATH, JR. P-33945
Assistant Ypsilanti City Attorney

DAVID J. KIRCHER, Defendant

ROBERT C. BARNES, Receiver

ELLIS B. FREATMAN, III
Attorney for Receiver



**BARR
ANHUT
&ASSOC.**

PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734)481-1234
Fax 483-3871

210 E. Huron
Ann Arbor, MI 48104-1913
(734)769-0100

4

Exhibit M

EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

JON ICHESCO, State Certified
Fire Marshall and Fire Marshall
for the City of Ypsilanti and
the CITY OF YPSILANTI

FILE NO. 2001-889-CH

Hon. Timothy P. Connors

Plaintiffs,

ORDER APPOINTING
SUCCESSOR RECEIVER

v

DAVID KIRCHER,

**TRUE COPY**

Defendant.

| JOHN S. GILBREATH, JR. P-33945 | Mr. David Kircher |
|---|---|
| Assistant Ypsilanti City Attorney | In Pro Per |
| 105 Pearl Street | 50 South Summit Street |
| Ypsilanti, MI  48197 | Ypsilanti  MI 48197 |
| (734) 481-1234 | 734 482-5589 |

Dated: ___July 12, 2002

PRESENT: THE HONORABLE
TIMOTHY P. CONNORS, Circuit Court Judge

This matter came before the Court for on Plaintiff's Motion for Successor
Receiver on June 14, 2002, concerning property located at 304-306 Perrin Street,
City of Ypsilanti, Washtenaw County, Michigan and Harry Hutchison, of the
Ypsilanti Building Department, having been appointed receiver by order dated
November 22, 2001, for the property located at 304-306 Perrin Street in the City of
Ypsilanti, to oversee and monitor all repairs consistent with all city codes, statutes,
ordinances, engineer reports, etc., and Mr. Hutchison having indicated to the Court
that he can no longer act in that capacity; NOW THEREFORE:

**IT IS ORDERED AS FOLLOWS:**

Barr,
Anhut &
Gilbreath, P.C.
ATTORNEYS AT LAW

105 Pearl Street
silanti, MI 48197-2611
(734) 481-1234
Fax 483 5871
www.barranhut.com
l: barranhut@voyager.net

1



A.     That Robert C. Barnes (hereinafter referred to as "Receiver") is appointed Receiver as successor to Harry Hutchison, and shall have the exclusive responsibility and right for making the repairs as outlined in this order and the previous orders entered by the court.

B.     Defendant shall provide immediate access to the building and shall not impede, obstruct, or otherwise interfere with the work of the Receiver and/or Receiver's agents, contractors or assigns, as the Receiver performs his duties pursuant to this order.

C.     Defendant shall not enter the premises without first obtaining permission and approval from the city attorney's office for the City of Ypsilanti, in writing.

D.     The Receiver may employ or contract with such other individuals, firms, companies, contractors or other entities as shall be reasonably necessary and appropriate to accomplish the appointed task.

E.     The Receiver, or his agents, contractors, and/or assigns, shall be considered the General Contractor for the appointed tasks. He shall be paid on a "time and materials" basis for the project, plus a twenty-five (25%) percent mark up as a fee for his services. By way of example, but not limitation, if a subcontractor charged $1,000 to replace a door, the Plaintiff and/or it's agents, contractors or assigns would be entitled to a $250 fee.

F.     The Receiver and/or his agents, contractors, or assigns, shall send monthly invoices to Defendant Kircher, which invoices shall be paid within thirty (30) days of mailing. Invoices which are not paid within thirty (30) days shall be subject to interest at the rate of seven percent (7%) per annum.

Barr,
Anhut &
Gilbreath, P.C.
ATTORNEYS AT LAW

105 Pearl Street
niantl, MI 48197-2611
(734) 481-1234
Fax 483-3871
www.barranhut.com
E: barranhut@voyager.net

2

G.    Upon completion of the repairs, Receiver is hereby granted a lien on the subject property for all fees and cost invoices which have not been paid by Defendant Kircher.   Costs and fees shall include all the labor, materials, permit and inspection costs, administrative costs, and attorneys fees necessary and appropriate to accomplish the appointed task.

H.    In the event Defendant Kircher fails or refuses to pay the Receiver and/or it's agents, contractors or assigns in full within thirty (30) days of mailing the final invoice, then the Receiver or Receiver's agents and/or assigns shall be entitled to legal or equitable relief including but not limited to foreclosure of the Receiver's lien.   Foreclosure of the Receiver's lien shall be governed by the Michigan Statutes and Court Rules governing judicial foreclosures.   The Receiver and/or his agents, contractors or assigns shall be entitled to the actual costs and attorney's fees incurred in the collection of the Receiver's fees as described herein.   The Defendant is obligated to pay the City of Ypsilanti costs and attorneys fees incurred in conjunction with the enforcement and supervision of this order.

I.    Contractor, prior to commencing work, shall provide at his own cost and expense, the following insurance to the City using insurance companies licensed and/or approved in the state of Michigan, which insurance shall be evidenced by certificates and/or policies as determined by the City.   All policies and certificates of insurance shall be approved by the Department of City Manager of the City prior to the start of any work.   The Contractor shall maintain at its own expense the following insurance:   worker's compensation;   general liability;   automobile liability insurance, for both hired automobiles and non-owned automobiles; and any other insurance that the City deems necessary.



Barr,
Anhut &
Gilbreath, P.C.
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734) 481-1234
Fax 483 3871
www.barranhut.com
il: barranhut@voyager.net

3

I.   The Defendant shall continue to pay all premiums and maintain all liability and hazard insurance on the property.  In the event that Defendant does not provide evidence of liability and hazard insurance on the property within 14 days from the date of this order, the Receiver has the obligation and right to obtain and maintain such insurance, charging all premiums to Defendant.

J.  The Receiver shall undertake, oversee and undertake all repairs consistent with all city codes, statutes, ordinances, engineer reports, etc. to bring this property into compliance.

K.   A valid certificate of occupancy must be obtained from the building inspection department before any unit in the building may be occupied.

L.   All work is to be done in a workmanlike manner and in compliance with all applicable codes.

M.   All work must comply with all permit and inspection procedures.

N.   The Defendant is not relieved of his obligation to maintain the property, exclusive of the building, but including lawn care, trash, snow removal, etc.

Dated: __July 12__, 2002          /S/ Timothy P Connors
                                           TIMOTHY P. CONNORS, CIRCUIT JUDGE

APPROVED as to form and content;
notice of entry is waived:

S/ JOHN S. GILBREATH, JR.

JOHN S. GILBREATH, JR. P-33945
Assistant Ypsilanti City Attorney

TRUE COPY

**Barr,
Anhut &
Gilbreath, P.C.**
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734) 481-1234
Fax 483-3871
www.barranhut.com
toll: barranhut@voyager.net

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

JON ICHESCO, State Certified
Fire Marshall and Fire Marshall
for the City of Ypsilanti and
the CITY OF YPSILANTI

            Plaintiff,

v

DAVID KIRCHER, an individual, and
JOHN C. RANKIN and VIDA L. RANKIN,
husband and wife, jointly and severally,

            Defendants.

FILE NO. 2001-889-CH

Hon. Timothy P. Connors

__ORDER APPOINTING__
__RECEIVER AND ESTABLISHING__
__REPAIR SCHEDULE__

| | |
|---|---|
| JOHN S. GILBREATH, JR. P-33945<br>Assistant Ypsilanti City Attorney (AF1001)<br>Attorney for Plaintiff<br>105 Pearl Street<br>Ypsilanti, MI 48197<br>(734) 481-1234 | DAVID J. KIRCHER<br>In Pro Per<br>50 South Summit Street<br>Ypsilanti MI 48197 |

Dated: November 6 , 2001

PRESENT: THE HONORABLE
TIMOTHY P. CONNORS, Trial Court Judge



**BARR**
**ANHUT**
**& ASSOC.**

PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734)481-1234
Fax 483-3871

210 E. Huron
Ann Arbor, MI 48104-1913
(734)769-0100

This matter having come before the Court for hearing and the parties being

present in Court, now therefore:

## IT IS ORDERED AS FOLLOWS:

1.    Harry Hutchison, of the Ypsilanti Building Department, is appointed

receiver of the property located at 304-306 Perrin Street in the City of Ypsilanti, to

oversee and monitor all repairs consistent with all city codes, statutes, ordinances,

engineer reports, ~~etc.~~

2.    Hutchison is to meet with Defendant Kircher within 30 days of the date

of this Order and put together a list of repairs to be made to the property. This list

shall be submitted to the court at the end of the 30 day period.

3.      Defendant Kircher shall complete all listed repairs within 90 days of the date of this Order.  All costs of these repairs, including but not limited to labor and materials, shall be paid by Defendant David Kircher.

4.      Defendant Kircher shall pull all required permits, and shall schedule inspections through the Receiver as the work is completed.

5.      If all repairs have not been completed on the 91st day after the date of this Order, Harry Hutchison will take over the property.  From that date forward Hutchison shall cause all repairs to be completed and shall charge/bill all costs and labor to Defendant David Kircher.

Timothy P. Connors, Trial Court Judge

APPROVED AS TO FORM AND CONTENT:
Notice of Entry is Waived:

DAVID KIRCHER, Defendant

JOHN S. GILBREATH, JR. P-33945
Assistant Ypsilanti City Attorney

HARRY HUTCHISON, Receiver

**BARR ANHUT & ASSOC.**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

105 Pearl Street
Ypsilanti, MI 48197-2611
(734)481-1234
Fax 483-3871


210 E. Huron
Ann Arbor, MI 48104-1913
(734)769-0100

2

F:\Docs\CITY\C\Kircher 304 Perrin\Receiver appoint ord.doc