**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID KIRCHER,

    Plaintiff,

                                              Case No. 04-72449
v.                                          Hon. Gerald E. Rosen

CITY OF YPSILANTI, CHERYL FARMER,
CHARLES BOULARD, JON ICHESCO,
ROBERT BARNES, DONALD SHELTON,
and TIMOTHY CONNORS,

    Defendants.

_____/

**ORDER REGARDING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND DEFENDANTS' STATEMENT OF FEES**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    February 7, 2008

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

Two matters presently are pending before the Court in this case. First, Plaintiff moves for reconsideration of the Court's award of Rule 11 sanctions to Defendants Shelton and Connors (the "Judicial Defendants"). Next, the Judicial Defendants have filed a statement seeking an award of $15,954.16 in fees and expenses, and Plaintiff has lodged objections both as to the basis for and the amount of this award. The Court addresses each of these matters below.

## I. Plaintiff's Motion for Reconsideration

In this motion, Plaintiff requests that the Court reconsider its decision to grant the Judicial Defendants' motion for sanctions. In support of this request, Plaintiff's counsel contends that he had a good-faith basis for asserting and continuing to pursue claims against Defendants Shelton and Connors under 42 U.S.C. § 1983, notwithstanding the Court's determination that these Defendants were entitled to absolute judicial immunity. More specifically, Plaintiff's counsel argues that he advocated a tenable legal position in opposition to the Judicial Defendants' appeal to judicial immunity, claiming that the Defendant judges had surrendered this immunity by acting in the "complete absence of all jurisdiction" in the underlying state court proceedings. See Mann v. Conlin, 22 F.3d 100, 103 (6th Cir. 1994) (internal quotation marks and citation omitted).

Plaintiff's counsel's argument is both factually and legally flawed. First and foremost, it bears emphasis that counsel's present ground for avoiding absolute judicial immunity — *i.e.,* that the Judicial Defendant were acting in the "complete absence of all jurisdiction" — was **never raised** in Plaintiff's responses to the Judicial Defendants' motions. Rather, Plaintiff instead opposed the Judicial Defendants' appeal to judicial immunity on the ground that this immunity does not extend to pleas for equitable relief. As the Court pointed out in its opinion and order granting the Judicial Defendants' motions for summary judgment and for sanctions, Plaintiff's contention on this point was foreclosed by a 1996 amendment to 42 U.S.C. § 1983 — an amendment which, the Court noted, had long since abrogated the case law relied upon by Plaintiff. Thus, whatever the

merit of Plaintiff's present argument that the Judicial Defendants acted in the "complete absence of all jurisdiction," this after-the-fact contention cannot alter the Court's conclusion that the argument *actually raised* by Plaintiff's counsel was frivolous.[1]

In any event, the Michigan Court of Appeals has since rejected Plaintiff's jurisdictional challenge. In Ypsilanti Fire Marshal v. Kircher, 273 Mich. App. 496, 730 N.W.2d 481, 500-02 (2007), the court addressed the very same jurisdictional argument advanced in Plaintiff's present motion for reconsideration — namely, that only the *state* fire marshal, and not the Ypsilanti fire marshal, Defendant Jon Ichesco, was authorized to bring the state court nuisance-abatement suits against Plaintiff. As explained by the Michigan court, Plaintiff's argument is "belied by the plain text of the [Michigan] Fire Prevention Code itself," which permits the state fire marshal to delegate to city fire inspectors the authority to enforce fire safety regulations. Kircher, 730 N.W.2d at 501 (citing Mich. Comp. Laws § 29.2b(1)). The court further observed that Plaintiff had "at no time offered evidence to contradict" the materials in the record indicating that the Ypsilanti fire marshal had been granted the "delegated authority" to bring the state court suits against Plaintiff. Kircher, 730 N.W.2d at 502. Consequently, Plaintiff's challenge

---

[1] To be sure, Plaintiff and his counsel did suggest in their submissions to this Court that the Judicial Defendants lacked subject matter jurisdiction over the state court proceedings. Yet, this suggestion was made in Plaintiff's response to the remaining Defendants' summary judgment motion, and was relied upon to support the proposition that the Defendant judges' rulings were not entitled to preclusive effect in this federal suit. (See Plaintiff's 9/23/2004 Response Br. at 19-20.) Simply stated, no effort was ever made to argue that the Judicial Defendants had acted in the "complete absence of all jurisdiction" as this notion applies to the law of judicial immunity.

3

to the state courts' subject matter jurisdiction lacks merit.²

Finally, even if the Michigan Court of Appeals had not rejected this contention, Plaintiff and his counsel have failed to suggest any basis for this Court to equate the Judicial Defendants' purported lack of subject matter jurisdiction with a "complete absence of all jurisdiction," as necessary to overcome the Judicial Defendants' absolute judicial immunity. To the contrary, Plaintiff's counsel seemingly acknowledges, as the Michigan Court of Appeals has confirmed, that the Ypsilanti fire marshal ***could*** permissibly commence a nuisance-abatement action under Michigan's Fire Prevention Code, so long as he secured the necessary authorization from the state fire marshal. It follows that the Judicial Defendants surely had the jurisdictional power to examine whether the Ypsilanti fire marshal met this threshold condition in the suits brought against Plaintiff.

Even if the Judicial Defendants incorrectly resolved this threshold jurisdictional question — and the Michigan Court of Appeals has held otherwise — Plaintiff and his counsel have not identified any authority for the proposition that this is tantamount to acting in the "complete absence of all jurisdiction." This Court is confident that a judge does not act in the "complete absence of all jurisdiction" by inquiring whether a statutory prerequisite to suit is satisfied, and then proceeding to the merits upon concluding that it

---

²Indeed, given the multiplicity of state court proceedings, and given the many decisions issued by the Michigan courts — up to and including the Michigan Supreme Court — in the various cases involving Plaintiff's properties, it would be remarkable if all of these courts uniformly failed to discern that they lacked subject matter jurisdiction over the cases before them.

is.  Accordingly, the Court finds no basis whatsoever for reconsidering its award of Rule 11 sanctions to the Judicial Defendants.

## II.     The Judicial Defendants' Statement of Fees

This leaves only the determination of the proper amount of sanctions to be awarded to the Judicial Defendants.  In its prior opinion and order, the Court held that the Judicial Defendants were entitled to recover the entirety of the attorney fees and expenses they reasonably incurred in defending against the claims asserted in this case.  The Judicial Defendants have since filed a statement requesting an award of $15,954.16 in fees and expenses.  Plaintiff, in turn, has renewed his argument that no sanctions should be awarded, and also contends that any award of over $3,834.50 would be excessive.

The Court already has addressed Plaintiff's arguments against any award of sanctions, and need not discuss this matter further.  As to the amount of this award, Plaintiff offers only the conclusory assertion that, out of the many billing entries submitted by defense counsel, only a handful truly reflect work that "seem[s] reasonable and appropriate to obtain this Court's [favorable] ruling." (Plaintiff's Response at 7.) Plaintiff further suggests, without any apparent basis and without pointing to any specific records, that some of these billing entries "appear[]" to be related to the state court proceedings rather than this federal litigation.  (Id.)

Upon reviewing defense counsel's records, the Court is satisfied that they reflect the attorney fees and expenses reasonably incurred in defending against Plaintiff's claims in this case.  The Judicial Defendants filed and fully briefed two dispositive motions and a

5

motion for sanctions, and also prepared and filed supplemental briefs in which they alerted the Court to additional developments in the state court proceedings. In its earlier opinion and order, the Court explained the grounds for its belief that an award of Rule 11 sanctions should encompass the entirety of the fees and expenses reasonably incurred by the Judicial Defendants since the inception of this action. Having carefully reviewed the Judicial Defendants' statement of fees and supporting materials, the Court finds that the requested amount of $15,954.16 in fees and expenses is reasonable, and that an award in this amount is commensurate with the work product prepared and submitted for this Court's consideration by the Judicial Defendants' counsel.

### III. Conclusion

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's October 18, 2006 motion for reconsideration is DENIED. IT IS FURTHER ORDERED, in accordance with the Court's prior opinion and order and the rulings in the present order, that Plaintiff's counsel shall pay to the Judicial Defendants the amount of **$15,954.16** in Rule 11 sanctions.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: February 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager