UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Kircher,

    Plaintiff,

v.                                        Case No. 04-72449

City of Ypsilanti, *et al.*,               Sean F. Cox
                                                   United States District Court Judge

    Defendants.
_____/


**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

The undersigned inherited this case, which was filed back in 2004, after the Honorable Gerald Rosen retired. The case involves protracted state-court litigation between Plaintiff David Kircher, a property owner in Ypsilanti, Michigan, and the City of Ypsilanti and several of its officials. Judge Rosen stayed the case, under the *Younger* abstention doctrine, while the state-court litigation between these parties proceeded. After that finally ended, the stay in this case was lifted.

Kircher then hired new counsel, who sought leave to file an amended complaint in order to assert constitutional claims. Defendants opposed that motion and filed a Motion to Dismiss. This Court issued an Opinion & Order, denying leave to file an amended complaint and granting Defendant's Motion to Dismiss. The Court concluded that the constitutional claims that Kircher seeks to raise in this action are barred under the applicable preclusion doctrines. The Court also rejected Kircher's arguments that he can avoid preclusion because he filed an *"England reservation of rights"* in each of the state-court cases.

1

The matter is now before the Court on Kircher's "Rule 59(e) Motion to Alter Or Amend The Judgment." The parties have briefed the issues and the Court concludes that oral argument is not necessary. For the reasons that follow, the Court shall DENY the motion.

## BACKGROUND

This case involves protracted state-court litigation between Plaintiff Kircher, a property owner in Ypsilanti, Michigan, and the City of Ypsilanti and several of its officials. Kircher also sued two state-court judges, but they were dismissed early in the case based on judicial immunity.

Acting through counsel, Kircher filed this action on July 1, 2004. (ECF No. 1). Kircher's complaint alleged that *in 2000* Kircher rejected an offer to sell his property in Ypsilanti and that "*[f]rom that time on, the Ypsilanti Defendants, under color of law, have been striving to transfer Plaintiff Kircher's property*" to others "*without due process of law.*" (*Id.* at PageID.14) (emphasis added).

At the time this federal action was filed, there was already state-court litigation between the parties, concerning several properties owned by Kircher, that was proceeding in state court. That state-court litigation began in 2001 and 2002.[1]

In October of 2016, Judge Rosen issued an "Order Staying Case In Favor Of Parallel State Court Proceedings" (*see* ECF Nos. 37 & 38) wherein he ordered "that all proceedings in this case are STAYED until such time as the related state court actions have fully concluded, including any appeals that are pending or that the parties might elect to pursue." (*Id.*). Judge

---

[1]The litigation concerning the Cross Street Property began on May 13, 2001; the litigation concerning the Thompson Building began on April 11, 2002; the litigation concerning the Perrin Property began on July 30, 2001. (ECF No. 99 at PageID 2114, 2122, 2128).

Rosen remanded the matter to state court under the *Younger* abstention doctrine.[2] Judge Rosen expressly cautioned Kircher and his Counsel that the constitutional claims Kircher seeks to assert in this action would very likely be barred by res judicata and/or collateral estoppel if Kircher were to attempt to return to federal court after the conclusion of the state-court litigation:

> The Court cautions Plaintiff . . . that it will carefully review Plaintiff's submissions to the Court following the conclusion of the state court proceedings . . . As a general matter, this Court does not view a § 1983 due process claim as an appropriate vehicle for a federal court to engage in "second-guessing' review of a complete and thorough course of state court proceedings, including appeals, to ensure that all of the various rulings along the way comported with the federal constitution. On more than one occasion, the Supreme Court has "emphatic[ally] reaffirm[ed] . . . the constitutional obligation of the state courts to uphold federal law, and its . . . confidence in their ability to do so." *Allen*, 449 U.S. at 105, 101 S.Ct. at 420 . . . In addition, this Court has already noted that the doctrine of issue preclusion, *see Allen*, 449 U.S. at 105, 101 S.Ct. at 420, and claim preclusion, *see Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85, 104 S.Ct. 892, 898 (1984), will be fully applicable in this case upon the conclusion of the state court proceedings. In light of the extensive overlap between the issue litigated in state court and the allegations in Plaintiff's federal complaint, it appears likely that the state court proceedings will have a considerable preclusive effect upon any further proceedings in this Court.

(ECF No. 38 at PageID 934).

Approximately ten years later, Kircher filed a motion seeking to end the stay. Defendants agreed that the stay should be lifted and the Court lifted it.

Thereafter, Kircher obtained new counsel and filed a motion seeking leave to file an amended complaint.

---

[2]"Under the *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 237-38 (1984). *Younger* abstention is appropriate when: 1) state proceedings are pending; 2) the state proceedings involve an important state interest; and 3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Defendants filed a Motion to Dismiss arguing, among other things, that the constitutional claims Kircher wished to raise now are barred by res judicata and/or collateral estoppel.

Those motions were fully briefed by the parties and the Court heard oral argument on the motion. During oral argument on the motion, this Court directly asked Kircher's Counsel if Kircher had asserted any counterclaims in the state-court litigation and counsel responded as follows:

> THE COURT: Did Mr. Kircher assert a counterclaim during the state court litigation.
> MS. OKASINKI: *Not that I am aware of*, Your Honor.
> THE COURT: And did he assert a due process counterclaim during the state court litigation?
> MS. OKASINSKI: *Not that I'm aware of.*

(4/12/18 Hrg. Tr. at 5) (emphasis added).

After the hearing, this Court issued an Opinion & Order (ECF No. 99) wherein the Court denied leave to amend and granted Defendants' Motion to Dismiss because the constitutional claims that Plaintiff wishes to pursue in this action are barred under the applicable preclusion doctrines.

First, this Court concluded that the claims Kircher sought to raise in this action were barred by the doctrine of res judicata (claim preclusion). The Court noted "there does not appear to be any dispute as to the first two elements, as the state court actions were decided on the merits and involve the same parties. What is in dispute is the final element – whether the constitutional claims that Plaintiff wants to bring here in federal court were, or could have been, resolved in the state-court cases." (*Id*. at PageID 2132). The Court noted that Kircher's papers had referenced his "claims" in the state-court action, and asserted that they were not decided on the merits in the state court. But the Court noted that Kircher's own counsel – at the April 12,

4

2008 hearing – had represented to the Court that Kircher had not asserted any constitutional counterclaims in the state-court action. The Court concluded that, to the extent that Kircher failed to raise the constitutional claims in the state-court action, the claims were barred by the doctrine of res judicata because Kircher "could have, and should have, raised any takings and/or due process claims during the course of the protracted state-court litigation." (*Id*. at PageID 2133).

Next, the Court concluded that collateral estoppel (issue preclusion) also applied. As to collateral estoppel, the Court noted that the only element in dispute was whether the issue was determined in the state court actions. The Court then concluded that issue was decided in the state-court litigation:

> Plaintiff asserts that he "attempted to raise the constitutional issue to the state court" but the state court refused to consider it. (D.E. No. 91 at Pg ID 1682). To support that argument, Plaintiff directs the Court to the line in the 2007 opinion wherein the Court said, "In light of our resolution of these consolidated appeals, we decline to address the constitutional issues raised by Kircher in these cases." *Yspilanti Fire Marshal v. Kircher,* 273 Mich.App. at 555. In a footnote to that sentence, however, the Michigan Court of Appeals nevertheless considered and rejected Kircher's constitutional takings argument:
>
>> Relying on *Wayne Co. v. Hatchcock*, 471 Mich. 445; 684 N.W.2d 765 (2004). Kircher cursorily suggests that this properties have been taken by Ypsilanti without just compensation. Even assuming the requisite state action could be demonstrated, we disagree with [Plaintiff's] contention, which disregards the well-established nuisance exception to the prohibition on governmental takings. The federal and state constitutions both proscribe the taking of private property for public use without just compensation. The Takings Clause of the Fifth Amendment is substantially similar to the Takings Clause of the Michigan Constitution, and the two provisions should generally be interpreted coextensively. The nuisance exception to the prohibition on unconstitutional takings provides that because no individual has the right to use his or her property so as to create a nuisance, "the [s]tate has not 'taken' anything when it asserts its

5

> power to enjoin [a] nuisance-like activity." Indeed, "[c]ourts have consistently held that a [s]tate need not provide compensation when it diminishes or destroys the values of property by stopping illegal activity or abating a public nuisance." Because Ypsilanti was exercising its legitimate police power to abate the alleged nuisances on Kircher's property, **no unconstitutional taking occurred.**
>
> *Id*. (emphasis added).
> And a later panel of the Michigan Court of Appeals considered that footnote a ruling on the takings issue, as it stated: "the majority of the issues raises by Kircher are merely a rehashing of issues raised in previous appeals before this Court such as his contentions regarding the trial court's lack of jurisdiction . . . the award of attorney and receiver fees and the existence of a conspiracy between Ypsilanti and Barnses to effectuate an unconstitutional taking of Kircher's properties. **As each of these issue has been addressed repeatedly in both the trial court and before this Court**, we find no need to go into further or extensive detail regarding these claims. It is sufficient to note that since **all of these issues have been previously addressed and ruled on** they are precluded from reexamination by the law of the case doctrine." *Ypsilanti Fire Marshal v. Kircher*, 2011 WL 6187067 (Mich. App. 2011) (emphasis added).

(ECF No. 99 at PageID 2133-34) (emphasis in original). Accordingly, this Court concluded that collateral estoppel also applied.

Finally, for several reasons, this Court rejected Kircher's arguments that he can avoid preclusion because he filed an "*England* reservation of rights" in each of the state-court cases.

After the time permitted for the filing of a motion for reconsideration under the local rules had passed, Kircher filed a "Rule 59(e) Motion To Alter Or Amend Judgment." (ECF No. 102). In it, Kircher's Counsel stated that "[a]t the April 17, 2018 hearing, Plaintiff's counsel stated that she was not aware of any constitutional counter-claims that were filed in the state court actions, not that there were no due process or takings counterclaims made in those actions, as stated at Page 23 of the Court's April 17, 2018 Opinion. After reviewing the files at Washtenaw County Circuit Court, it appears that Kircher did file counterclaims in some of the

6

state court foreclosure actions, but it is not clear from the language of the counterclaims if they are constitutional counterclaims." (ECF No. 102 at PageID 2154-55). Kircher's Counsel also referenced Kircher having filed for bankruptcy and suggested that some claims were stayed at some point.

Thereafter, this Court ordered Kircher's Counsel to provide the Court with "A copy of each and every counterclaim that Plaintiff filed in any of the state-court actions" at issue. (ECF No. 108).

Kircher's Counsel then produced filings in the state-court actions wherein Kircher asserted counterclaims. (ECF No. 109). Notably, however, *none of those were constitutional counterclaims*. That is, Kircher did not assert a due process claim, nor did he assert a takings counterclaim. For example, in one of the state-court cases, Kircher stated the following two counterclaims:

Counter-Claim

Defendant Kircher states:

1. Damage for which Plaintiff is responsible was caused to the property during the period of July 14, 2002 and April 8, 2003 when Plaintiff had exclusive access to the property, including without limitation to the plumbing and heating systems, which property damage was greatly in excess of $25,000.

2. Further, Plaintiff's failure to act with reasonable promptness in accomplishing his work resulted in protracted delay and the needless loss to Defendant of rents and other revenues to the property.

(ECF No. 109-1 at PageID2361).

**ANALYSIS**

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence must have been previously unavailable. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012).

## I.     Res Judicata

As to this Court's res judicata rulings, Kircher asserts that this Court improperly relied on *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812 (6th Cir. 2010) when it concluded that Kircher could have presented his takings and due process claims against Defendants during the course of the protracted state-court litigation. Kircher asserts that *Buck* is not applicable to the facts in this case because *Buck* involved a plaintiff's duty to supplement a complaint with factual allegations that developed during the pendency of the initial suit and were manifestations of already-existing claims. Kircher asserts that his constitutional claims were not ripe at the time the City filed the abatement actions and that his constitutional claims are not manifestations of the City's nuisance abatement actions. Kircher now suggests that he could not have brought his due process or takings claims until 2008[3], because he did not learn some of the facts that would support those claims until then. (*Id*. at 2157).

The Court rejects this argument.

In *Elder*, the Sixth Circuit explained that the *Buck* and *Dubuc* cases could be distinguished before the situation in that case because those cases involved factual allegations

---

[3]Even though Kircher asserted such claims in this action in 2004.

8

that developed during the pendency of the initial suit and were manifestations of already-existing claims. *Elder v. Township of Harrison*, 489 F. App'x 934, 936 (6th Cir. 2012). As such, the plaintiffs in those cases had a duty to raise those claims during the state lawsuit or else have them barred by the doctrine of res judicata.

The same is true here and this Court still concludes that the constitutional claims that Kircher seeks to raise here could have, and should have, been raised during the state-court litigation.

Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering states. *United States v. Chrysler Group, LLC,* 571 F. App'x. 366, 368 (6th Cir. 2014). Michigan takes a "broad approach to the doctrine of res judicata." *Id*. (citation omitted). In Michigan, the doctrine of res judicata bars a second, subsequent action when: 1) the prior action was decided on the merits; 2) both actions involve the same parties or their privies; and3) the matter in the second case was, or could have been, resolved in the first. *Id.*

"Indeed, res judicata 'bars not only claims already litigation, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *United States v. Chrysler Group, LLC*, 571 F. App'x at 368-69 (quoting *Dart v. Dart*, 460 Mich. 573, 597 N.W.2d 82 (1999)). As to that, "Michigan takes a transactional approach to res judicata, barring all subsequent claims arising out of the same factual transaction. *Adair*, 680 N.W.2d at 398." *Id.* at 371. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Adair v.*

9

*State*, 470 Mich. 105, 680 N.W.2d 386, 398 (2004).

To the extent that Kircher claims his constitutional claims did not ripen until 2008, that is simply not the case. Kircher's own complaint in this action acknowledged that "since 2000" – which was before any of the state-court actions had been filed – the Ypsilanti Defendants, under color of law, had been taking actions to transfer Kircher's property to others without due process of law. (ECF No. 1 at PageID.14).

The state-court proceedings, like the instant action, grew out of Defendants' various actions in attempting to abate alleged nuisance conditions on Kircher's properties. The claims and defenses in the state-court proceedings, and the constitutional claims that Kircher wishes to raise in this action, all arose from the same series of transactions – the City's various actions taken in attempting to abate alleged nuisance conditions on Kircher's properties. They are related in time, space, and origin. Resolution of these intertwined matters would have met the definition of a convenient trial unit. In fact, it precisely because these matters were so intertwined that Judge Rosen stayed this action under *Younger*, so that Kircher's constitutional claims could be resolved in the state-court proceedings. Moreover, Judge Rosen expressly cautioned Kircher that the constitutional claims he sought to assert in this action would very likely be barred by res judicata if he were to attempt to return to federal court to assert them after the state-court proceedings concluded. (ECF No. 38 at Pg ID 9340).

Kircher could have, and should have, raised any takings and due process claims during the course of the protracted state-court litigation between the parties. They are barred by res

judicata.[4]

## II. Collateral Estoppel

Next, Kircher asks the Court to reconsider its collateral estoppel (issue preclusion) ruling, arguing that the Court's consideration of the footnote in the Michigan Court of Appeals' decision was improper.

The Court rejects this argument. First of all, Kircher's Counsel is complaining that Kircher never got a decision on his takings counterclaim when it is now clear that Kircher never actually asserted a takings counterclaim in the state-court actions. That is why the Michigan Court of Appeals made reference to Kircher's "arguments," and the takings *issue*, rather than to any takings counterclaim. In other words, there were no orders denying a takings claim (or any other constitutional counterclaims) because no such counterclaims were actually asserted in the state-court actions by Kircher.

Moreover, despite Kircher's failure to actually assert a takings counterclaim, the takings issue was raised before the Michigan Court of Appeals, which addressed and rejected Kircher's position on the issue. As such, the issue was determined by the state court.

## III. Request To Stay

Kircher's Rule 59(e) motion presents the following as the final issue presented in it: "Should the Court reconsider its April 17, 2018 Order and stay this case pending the decision of the Supreme Court of the United States in *Knick v. Twp of Scott*, 862 F.3d 310 (2017), cert.

---

[4] In addition, even if Kircher's takings claim were not barred by res judicata, that claim would not be ripe for federal review. As explained in another case involving Kircher, pertaining to a different property, "A 'taking' claim is not ripe if the plaintiff has not sought just compensation by available state court procedures. *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 194." *Kircher v. Charter Twp. of Ypsilanti*, 2007 WL 4570076 (E.D. Mich. 2007).

11

granted, 86 USLW 3441 (U.S. March 5, 2018) (No. 17-647), which may overturn the case relied upon by the Court to find that Plaintiff's *England* reservations were futile?" (ECF No. 102 at Pg ID 2150). As to this issue, Kircher's motion "requests this Court stay the case pending a decision of the United States Supreme Court in *Knick*, if it finds that Kircher's claims are otherwise barred by claim or issue preclusion." (*Id*. at Pg ID 2169).

That is simply not an issue that is properly before this Court on a Rule 59(e) motion. Kircher could have made that request in connection with the underlying motions, which were fully briefed by the parties, but failed to do so. A Rule 59(e) motion is not a vehicle for presenting new arguments that could have been raised before a judgment was issued. *See, e.g., Leisure Caviar, LLC v. United States Fish and Wildlife Svc*., 616 F.3d 612, 616 (6th Cir. 2010) (A plaintiff cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued.); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (Parties cannot use Rule 59(e) motions "to raise arguments which could, and should, have been made before judgment issues. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.").

The Court denies this request, as it is not properly before the Court on a Rule 59(e) motion filed after judgment issued.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment is DENIED.

IT IS SO ORDERED.

                                                 s/Sean F. Cox
                                                 Sean F. Cox
                                                 United States District Judge

Dated: April 8, 2019